UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE ZARATE,<br><br>Defendant. | No. 1:11-cr-00449-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. Nos. 215, 216, 217, 219) |

On January 6, 2017, defendant pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841. (Doc. Nos. 193, 194.) On March 27, 2017, he was sentenced by the undersigned to 100 months in the custody of the Bureau of Prisons. (Doc. Nos. 201, 202.) On December 14, 2017, defendant filed a pro se notice of appeal with the Ninth Circuit Court of Appeal. (Doc. No. 209.) The appeal was processed but dismissed as untimely on March 28, 2018. (Doc. Nos. 210–214.)

On May 16, 2018, defendant filed the instant motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 215.) In his motion, defendant argues that the court incorrectly calculated the applicable sentencing guideline range in his case by relying upon "a state conviction that was already vacated" to increase his criminal history

/////

1

category[1] from I to II.  (Doc. No. 215 at 4.)  Defendant also contends that he did not receive effective assistance of counsel because his attorney failed to bring to the court's attention the alleged incorrectly calculated sentencing guideline range, and did not file a notice of appeal following sentencing as defendant requested.  (*Id.* at 5.)  On May 16, 2018, defendant also filed an *ex parte* motion for appointment of counsel and an application to proceed *in forma pauperis*.  (Doc. Nos. 216, 217.)  On May 31, 2018, the court ordered the government to file a response to defendant's § 2255 motion within 45 days and provided defendant with 30 days thereafter in which to reply to the government's response.  (Doc. No. 218.)  On July 17, 2018, the government responded to defendant's motion by filing a motion to dismiss.  9Doc. No. 219.)  Defendant did not reply to the government's motion within the 30 days provided by the court, nor has he done so thereafter.

Title 28 U.S.C. § 2255(a) authorizes a prisoner in federal custody to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released upon any of the following four grounds:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  A court that receives a motion filed under § 2255 "must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and files and records of the case conclusively show that the petitioner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted).  To be entitled to a hearing, therefore, a movant must present specific factual allegations that, if true, would entitle him to relief.  *Id.*  Conclusory allegations are insufficient to

---

[1] Defendant's § 2255 motion takes issue with the determination of his criminal history points used to compute his criminal history category in calculating the applicable sentencing guideline range.  Defendant's contention that it was his "offense level" that was incorrectly calculated by the court (*see* Doc. No. 214 at 4) is thus a mischaracterization of his actual claim.

2

warrant a hearing under § 2255. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

To demonstrate ineffective assistance of counsel, a convicted defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

The court has reviewed defendant's § 2255 motion and finds that he is clearly not entitled to the requested relief. As noted above, defendant contends that his advisory sentencing guideline range was incorrectly calculated by the court and that he received ineffective assistance of counsel. (Doc. No. 215 at 4–5.) In its motion to dismiss, the government argues that both of defendant's contentions are time-barred. (Doc. No. 219 at 2–3.)

A motion under § 2255 must be filed within one year from the later of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to filing created by governmental action is removed; (3) the date on which the right a constitutional right is newly-recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f); *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011). Here, defendant was sentenced on March 27, 2017 but judgment was not filed until April 3, 2017. (Doc. No. 202.) The judgment therefore became final the day following last day on which he could have timely filed a notice of appeal, that is 14 days after judgment was entered. *See* Fed. R. App. Proc. 4(b)(1)(A) and (B); *see also United States v. Cottage,* 307 F.3d 494, 499 n. 4 (6th Cir. 2002) (The time for the filing of a notice of appeal "runs from the entry of the judgment of conviction and not the date of the sentencing hearing."); *Seriales v. United States*, Nos. CV-F-06-0530 AWI, CR-F-00-5233 AWI, 2010 WL 935599, at *1-2 (E.D. Cal. Mar. 15, 2010). The applicable one-year period for defendant's filing of a § 2255 motion therefore began

/////

/////

/////

to run on April 17, 2017 and expired on April 17, 2018. However, defendant did not sign[2] his § 2255 motion until April 28, 2018, approximately twelve days after the one-year statute of limitations had expired. (*See* Doc. No. 215 at 12.) Thus, defendant's § 2255 motion is time-barred under the applicable one-year statute of limitations.

In addition to being time-barred, the government argues that defendant's § 2255 motion should be dismissed because he specifically waived his right to file such a motion in his January 6, 2017 plea agreement and at the time of his entry of plea. (Doc. No. 219 at 3–4.) In his plea agreement, defendant expressly waived his right to "challenge his conviction, sentence or the manner in which it was determined in any post-conviction proceeding, including but not limited to a motion brought under . . . Title 28, United States Code, Sections 2241 or 2255." (Doc. No. 193 at 4.) An express waiver of the right to collateral attack is valid if made voluntarily and knowingly. *See United States v. Reves*, 774 F.3d 562, 566 (9th Cir. 2014); *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995). In his motion pending before the court, defendant does not contend that his plea, which specifically included his waiver of his right to appeal or collaterally attack any part of his plea or sentence, was not knowingly or voluntarily made. Moreover, at his plea colloquy, defendant explicitly confirmed that he understood that he was waiving his right to appeal or collaterally attack any part of his plea and sentence in this case. Because defendant's waiver was express, knowing and voluntary it is enforceable and requires dismissal of the pending § 2255 motion.

The court notes that defendant's ineffective assistance claim presented in his § 2255 motion is based on the theory that his counsel was ineffective for, despite the appeal and collateral attack waiver set forth in defendant's plea agreement, failing to file a notice of appeal to challenge the court's criminal history category finding in calculating defendant's advisory

/////

/////

/////

---

[2] Applying the mailbox rule (*Houston v. Lack*, 487 U.S. 266 (1988)), this date is the earliest that defendant could have delivered his § 2255 motion to prison officials for mailing.

sentencing guideline range.³ This contention is, in turn, based upon defendant's claim that this court improperly relied upon a 2009 state court misdemeanor conviction that had been vacated. Defendant bases this claim on summary minutes purportedly from the Madera County Superior Court reflecting the December 16, 2011 dismissal of charges brought against defendant in that court, not the vacating of a prior conviction. (See Doc. No. 215 at 14.) Moreover, the court notes that the presentence report in this case reflects that on that date, December 16, 2011, state charges relating to defendant's engagement in a conspiracy to possess with the intent to distribute methamphetamine were dismissed in lieu of this federal prosecution. In any event, as noted above, defendant was sentenced to 100 months in the custody of the Bureau of Prisons in this case based upon the court's consideration of the statutory factors set forth in 18 U.S.C. § 3553(a) and its significant downward variance from the advisory guideline range based thereon. Given the adjusted offense level which defendant does not challenge, his advisory guideline range called for a sentence of imprisonment of between 292 months and 365 months with a criminal history category of II. Even with a criminal history category of I, the advisory guideline range would have been 262 to 327 months. Regardless of the criminal history category determination, in no event would the court have imposed a sentence lower than the 100–month sentence it imposed. Thus, defendant has failed to allege facts that would entitle him to relief in any event.

Finally, a movant cannot appeal from the denial or dismissal of a § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion on procedural grounds, a petitioner must show that reasonable

---

³ "Whether a defendant who knowingly and voluntarily waived both the right to appeal and the right to collaterally attack the conviction and sentence can succeed in claiming in a habeas petition that his counsel was ineffective for failing timely to file a notice of appeal is the subject of in intra-circuit split." *United States v. Perez-Concepcion*, 1:16-cr-00002-LJO-SKO, 2018 WL 4682237, at * 7 (E.D. Cal. Sept. 26, 2018) (citing *United States v. Flanders*, No. 2:12-cr-363 TLN EFB P, 2018 WL 3135466, at *2 (E.D. Cal. June 27, 2018) (This "question is an open one in the Ninth Circuit."); *United States v. Taggart*, No. 2:11-CR-0140 MCE KJN, 2014 WL 3867431, at *4 (E.D. Cal. Aug. 6, 2014) (same) (collecting cases), *report and recommendation adopted*, No. 2:11-cr-0140 MCE KJN P, 2017 WL 65260 (E.D. Cal. Jan. 6, 2017).

jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion on the merits, a movant must show that reasonable jurists would find the court's decision to be debatable or wrong. *Id*. Based on the analysis set forth above, the court concludes that defendant has not made the required showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, the Court will decline to issue a certificate of appealability.

For the reasons explained above,

1. Defendant's application to proceed *in forma pauperis* (Doc. No. 217) is granted;
2. Defendant's *ex parte* motion for appointment of counsel (Doc. No. 216) is denied;
3. The government's motion to dismiss (Doc. No. 219) is granted;
4. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 215) is denied; and
5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 30, 2019**

_____
UNITED STATES DISTRICT JUDGE